John K. Crossman (JKC 7387)
Frank C. Welzer (FCW 7159)
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
Twenty-Eighth Floor
New York, New York 10022
212.223.6700

*Attorneys for Plaintiff Sony Electronics Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

SONY ELECTRONICS INC., : Civil Action No. 08 Civ. 1721 (ARR)
: (RML)
Plaintiff, :
:
- against - : **FINAL JUDGMENT**
:
BEN Z. COHEN, ALBERT HOULLOU, :
MARVIN SCHWARTZ, BROADWAY :
PHOTO LLC, A & M PHOTO WORLD, LLC, :
CAMERA ADDICT, LLC, :
DIGITAL LIQUIDATORS LLC, :
MILLENNIUM CAMERA LLC, PREFERRED :
PHOTO, LLC, PRESTIGE CAMERA, LLC, :
QWEST CAMERA LLC, REGAL CAMERA :
LLC, WILD DIGITAL LLC, and JOHN :
DOES 1 through 10, :
:
Defendants. :
-------------------------------------------------------------- x

Plaintiff Sony Electronics Inc. ("Sony Electronics") having commenced this action for false advertising, false designation of origin, trademark infringement and unfair competition under the Lanham Act, 25 U.S.C. § 1125 *et seq.*, for violation of New York General Business Law §§ 349 and 350, for unfair competition and trademark infringement under New York common law, for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Illinois S.H.A. 815 ILCS 505/1 *et seq.*, and for

violation of the Connecticut Unfair Trade Practice Act, Connecticut General Statutes § 42-110b *et seq.*, against Defendants Ben Z. Cohen, Albert Houllou, Marvin Schwartz, Broadway Photo LLC, A & M Photo World, LLC, Camera Addict, LLC, Digital Liquidators LLC, Millennium Camera LLC, Preferred Photo, LLC, Prestige Camera, LLC, Qwest Camera LLC, Regal Camera LLC, and Wild Digital LLC, and John Does 1 through 10; and

WHEREAS, the undersigned defendants J&V Marketing Inc., named in the action as defendant "John Doe 2" and otherwise described in the complaint as www.1wayphoto.com and www.lensesnmore.com have been duly served with the summons and complaint herein;

NOW THEREFORE, upon the consent of the undersigned Consenting Defendants, it is

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, are permanently ENJOINED from selling, advertising for sale or otherwise describing or making reference to (A) products using the model name or designation "EX1", "PMW-EX1", "PMWEX1", "EX3", "S270", "HVR-S270", or any designation confusingly similar thereto; (B) any product using the name or designation containing the letter-sequence "EX1" or "S270"; (C) any products in the SONY "EX" family of products, including by way of example, and without limitation, the "EX3", or, (D) any accessory to any of such products; and it is further

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, are permanently ENJOINED from advertising for sale any SONY branded Professional Products (including without limitation accessories) as "in stock" when such

product is not in stock (for purposes of this Judgment, "Professional Product" means any product (or accessory) offered from time to time by the division of Sony Electronics known as the Broadcast and Business Solutions Company, or any successor thereto, and includes without limitation, the SONY EX1, EX3, and HVR-S270); and it is further,

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, are permanently ENJOINED from offering for sale SONY-branded Professional Products when (A) they do not in fact have such Professional Product in stock and (B) they have no established source of supply for such Professional Product through a Sony Electronics authorized distribution channel; and it is further

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, are permanently ENJOINED from offering a SONY-branded Professional Product on their website and then attempting to switch the customer to another product after the customer seeks to buy the offered product; and it is further

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, are permanently ENJOINED from making statements on any website owned, controlled or used by any of them, about the EX1, EX3, or HVR-S270 camcorders or any other Professional Product, including without limitation, from making statements about the accessories which are or are not included with it; and it is further

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, shall identify all websites operated, owned, or controlled directly or indirectly by any of them, and update that list within five (5) business days of written request by Sony Electronics; and it is further

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, within ten (10) business days of the date of this order, shall deliver to undersigned counsel for Sony Electronics a written accounting of each SONY EX1 camcorder obtained by any defendant, and the disposition of same as of May 19, 2008, including the serial number of such camcorder, the date of receipt, all details of the source of purchase (including name, address, contact person, purchase order number, etc.) and all details of the disposition; and it is further

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, within ten (10) business days of the date of this order, shall deliver to undersigned counsel for Sony Electronics any SONY EX1 or EX3 or HVR-S270 camcorders (and any SONY-branded accessories especially for such Professional Product) (collectively, "Product") within the possession, custody or control of such defendant (including without limitation the possession, custody or control of any agent, direct or indirect subsidiary or affiliate), and that upon such delivery, all such Product shall become the property of Sony Electronics; and it is further

ADJUDGED, ORDERED AND DECREED that the Consenting Defendants, and each of them, are permanently ENJOINED from selling any SONY Professional Products; and it is further

ADJUDGED, ORDERED AND DECREED that in the event of a violation of this Judgment by any defendant, in addition to all other rights and remedies provided by law, Sony Electronics shall be entitled to recover from such violating defendant (and, jointly and severally from any affiliated defendant) damages and any other proper relief for the conduct alleged in the complaint herein, together with its attorney's fees, expert fees,

court costs and disbursements reasonably required to enforce this Judgment; and it is further

    ORDERED that each party shall bear its own costs.

Dated: New York, New York
    ~~July~~ ___, 2008
    August 4

                           ZUKERMAN, GORE & BRANDEIS, L.L.P.

                           By: _____
                              John K. Crossman (JKC 7387)
                              Frank C. Welzer (FCW 7159)
                              875 Third Avenue
                              Twenty-Eighth Floor
                              New York, New York 10022
                              212.223.6700

                              *Attorneys for Plaintiff Sony Electronics Inc.*

                              _____
                              Morris Harary, Esq.
                              16 East 34th Street, 16th Floor
                              New York, New York 10016
                              212.213.5353

                              *Attorneys for Defendant*
                              *J&V Marketing Inc.*

SO ORDERED: _____  S/ARR
                                              8/8/08
                     U.S.D.J.

THE FOREGOING FINAL JUDGMENT IS CONSENTED TO:

J&V MARKETING INC.

By: _____
Name: JACK SAADEH
Title: PRESIDENT

State of New York    )
                     )ss.:
County of  KINGS    )

On July 31, 2008, before me came JACK SAADEH, to me known, who did acknowledge and attest that he is the PRESIDENT of ~~A&M Photo World~~ J&V MARKETING INC. ~~LLC~~, and that he signed the foregoing instrument upon proper authority of said company.

_____
Notary Public

**MORRIS HARARY**
Notary Public, State of New York
NO. 02HA4958631
Qualified in Kings County
Commission Expires Nov. 13, 2009